IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

MUHAMMAD ALIAHMED and
EVONCA SAKINAH S. ALIAHMED,
a/k/a Hermione Kelly Ivy Winter,
f/k/a David Allen Allemandi,

    Plaintiffs,

v.

WARDEN MAY, et al.,

    Defendants.

: CONSOLIDATED
: Civ. No. 20-491-LPS

## MEMORANDUM ORDER

At Wilmington this 11th day of January, 2021,

1.     Plaintiff Hermione Kelly Ivy Winter ("Winter") filed two lawsuits. One was opened on January 29, 2020, and assigned Civ. No. 20-134-LPS. Winter filed a motion to proceed *in forma pauperis* and her prison trust account statement, her motion was granted and she was assessed an initial partial filing fee. (Civ. No. 20-134-LPS, at D.I. 4, 5, 6)

2.     On April 9, 2020, Winter filed a second case under her married name Evonca Sakinah S. Aliahmed ("E. Aliahmed"), with co-Plaintiff Muhammad Aliahmed ("M. Aliahmed"), and the case was assigned Civ. No. 20-491-LPS. On April 17, 2020, Winter advised the Court that Civ. No. 20-491-LPS was a duplicate case, opened in error. (Civ. No. 20-491-LPS at D.I. 4) On May 19, 2020, the Court ordered each Plaintiff to a request to proceed *in forma pauperis* and his or her respective prison trust fund account statement. (D.I. 7) Plaintiffs were advised that the failure of either of them to comply with the ordered within thirty days from the date it was sent would result in his or her dismissal from the action without prejudice. (*Id.*)

3.     On May 28, 2020, the Court reviewed the Complaints in both cases, consolidated the

1

two cases, and made Civ No. 20-491-LPS the lead case. (D.I. 12) The Court observed that the Complaint filed in Civ. No. 20-491-LPS was received more than two months after 20-134-LPS was opened, had no case number, and provided a line to insert the case number, indicating it was a new case. In addition, the complaint in 20-491-LPS named two Plaintiffs, not one, and Muhammad Aliahmed was not a named plaintiff in Civ. No. 20-134-LPS. Finally, the lone defendant in 20-134-LPS is John Doe while 20-491-LPS named over thirty defendants. The Consolidation Order specifically stated, "Plaintiffs shall comply with the requirements and deadlines set forth in the Court's May 19, 2020 Order entered in Civ. No. 20-491-LPS at D.I. 7. (*Id.* at 3)

4. On June 1, 2020, M. Aliahmed filed his prison trust account statement in the consolidated case. (D.I. 13) On June 5, 2020, Winter as E. Aliahmed filed a notice of appeal, No. 20-2130. (D.I. 16, 18) While the matter was on appeal Winter as E. Aliahmed filed several motions in the consolidated action. (D.I. 17, 34, 35, 38, 42, 43) On December 14, 2020 the United States Court of Appeals for the Third Circuit dismissed the appeal for lack of appellate jurisdiction. (D.I. 44)

5. At no time prior to the time the appeal was filed, nor after it was dismissed on December 14, 2020, did either fully Plaintiff comply with the Court's May 19, 2020 Order or May 28, 2020 Order.1 The May 19, 2020 Order placed Plaintiffs on notice that their respective failure to comply with the order would result in dismissal of the case and the May 28, 2020 reiterated that Plaintiffs were to comply with all requirements and deadlines outlined in the May 19, 2020 order.

IT IS THEREFORE ORDERED that:

1. All pending motions are DENIED as moot. (D.I. 17, 34, 35, 38, 42, 43)

2. The Complaint is DISMISSED without prejudice for failure to comply with the

---

1 M. Aliahmed filed a copy of his prison trust account statement but did not submit a request to proceed *in forma paupers*. (*See* D.I. 13)

2

Court's May 19, 2020 Order and May 28, 2020 Order. (D.I. 7, 12)

3. The Clerk of Court is directed to CLOSE the case.

HONORALBE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE